# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:14-CV-03413-DGK |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## JUDGMENT AND ORDER CONDITIONALLY APPROVING SETTLEMENT OF WRONGFUL DEATH CLAIM

This case arises from a fatal automobile accident. Plaintiff Jennifer Clark alleges that a defective ignition switch in her late husband's 2005 Chevrolet Cobalt caused his death. Plaintiff filed a one-count wrongful death lawsuit against Defendant General Motors, LLC ("GM") in the Circuit Court of Douglas County, Missouri. After GM removed, it secured transfer to the multidistrict litigation court ("MDL") that was presiding over all GM ignition switch litigation. The case was recently transferred back to this Court for settlement.

Now before the Court is Plaintiff's Amended Application for Approval of Settlement and Apportionment of Settlement Proceeds (Doc. 16-3). On May 29, 2015, the Court held a settlement hearing.

Because the gross settlement amount and claimant distribution is fair and reasonable, the wrongful death settlement is CONDITIONALLY APPROVED. This approval is subject to GM's submission of the release forms within seven (7) days of this Order's entry. In the meantime, GM shall distribute the settlement proceeds as set forth below. The Court, however, withholds approval of the attorneys' fees contract until Plaintiff's attorneys more fully develop the record as noted below.

**Factual Findings**

On January 12, 2011, Nathan A. Clark ("Decedent") died when his 2005 Chevrolet Cobalt lost power and careened into a rocky embankment. On May 17, 2014, Plaintiff first retained James Rogers ("Rogers"), an attorney from Seattle, Washington, to represent her in any legal proceedings arising from the accident. Plaintiff later signed an addendum to the contract adding Robert Palmer ("Palmer"), an attorney from Springfield, Missouri, as local counsel.[1] Plaintiff signed both the original agreement and the addendum on behalf of herself and Decedent's maternal parents, Kathy Matney ("Matney") and Allen Clark ("Clark"). The contract charges a 40% contingency fee, with a subdivision of 75% to Rogers and 25% to Palmer. At the hearing, Plaintiff, Matney, and Clark (collectively "Claimants") confirmed that they had understood and agreed to this representation fee.

After retaining counsel, Plaintiff sued GM in state court on August 8, 2014. Prior to the initiation of this suit, however, GM had hired respected settlement administrator Kenneth Feinberg to establish a no fault, non-adversarial, and voluntary compensation program tasked with settling claims in the defective ignition switch litigation. This program (the "Facility") started accepting claims on August 1, 2014. To be entitled to compensation, a claimant had to submit certain documents to assist the Facility in determining causation and damages.

Soon after filing suit, Plaintiff submitted a claim to the Facility. To support it, Rogers and Palmer submitted police reports from the accident and expert reports suggesting that the ignition switch more likely than not caused the accident. The Facility twice rejected Plaintiff's claim, stating that there was insufficient documentation to prove causation. In response, Rogers

---

[1] This description is based on Plaintiff's counsel's description of the representation agreement. Counsel have not filed the actual contract with the Court.

and Palmer eventually located the Cobalt's previous owner and found police reports proving it had prior ignition switch issues. The Facility approved the claim on March 18, 2015.

The Facility has offered a gross settlement amount of $3,819,320.00. In exchange, the Claimants must execute a release that extinguishes all claims against GM arising from the accident. Plaintiff proposes paying the attorneys' fees and expenses out of the gross settlement amount, which would result in Rogers receiving $1,150,582.34 and Palmer receiving $382,134.29. Plaintiff further proposes an 80%-10%-10% distribution of the net proceeds to Plaintiff, Matney, and Clark respectively, which would result in Plaintiff receiving $1,829,282.69, while Matney and Clark would each receive $228,660.34.

At the hearing, Claimants testified that they are the only individuals entitled to sue under the Missouri Wrongful Death statute, Mo. Rev. Stat. § 537.080. They further testified that they understood all the risks and benefits of settling, including that they would be releasing all claims against GM. They also approved the proposed distribution and the attorneys' fees and expenses.

## Discussion

### A. The notice requirement is met, the settlement amount is fair and reasonable, and the proposed claimant distribution is reasonable.

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. 537.095.1. To obtain approval, the plaintiff must demonstrate that she diligently attempted to notify all persons entitled to sue under § 537.080. *Id.*

Here, the settlement warrants conditional approval. Plaintiff has satisfied the notice requirements because she, Matney, and Clark are the only individuals entitled to sue under § 537.080, and Matney and Clark received adequate notice of the suit, the settlement, and the hearing. Moreover, the Court finds the gross settlement amount of $3,819,320.00 to be fair and reasonable compensation for Plaintiff's claim. However, one impediment to complete approval

3

remains. At the hearing, the Court directed GM to file a copy of the release agreement and warned that it would withhold final approval until GM complied. GM still has not done so. Since the Court believes that the release terms will be unobjectionable and because it does not want to further delay distribution to Claimants, it CONDITIONALLY APPROVES the settlement.

The Court must next distribute the proceeds to Claimants. *See* Mo. Rev. Stat. § 537.095.3 (noting that after finding the total settlement amount, the court must apportion the proceeds). Plaintiff proposes an 80%-10%-10% distribution among Claimants. The Court finds this division to be equitable, in Claimants' best interests, and proportional to the losses suffered by them. The Court apportions the gross settlement amount accordingly: $3,055,456 to Plaintiff, $381,932 to Matney, and $381,932 to Clark. *See Hess v. Craig*, 43 S.W.3d 457, 459 (Mo. Ct. App. 2001) (citing *Parr v. Parr*, 16 S.W.3d 332, 338 (Mo. 2000)) (noting that the court must distribute the assets before ordering settlement fund recipients to pay attorneys' fees and costs). GM shall immediately distribute the proceeds to Claimants, and it shall submit a copy of the release they must sign to this Court within seven (7) days of this Order's entry. The Court will enter a final dismissal with prejudice once GM complies and the Court resolves the attorneys' fees issue.

### B. Counsel are ordered to more fully develop the record regarding the contingency fee agreement.

Finally, the Court must consider the issue of attorneys' fees and expenses. *See* Mo. Rev. Stat. § 537.095.4(2). Here, Claimants agreed to pay a 40% contingency fee. However, the record is insufficiently developed on the issue of whether the fee and contract comport with Missouri Rules of Professional Conduct 4-1.5(a)-(c). *Cf. Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010) (holding a fee-splitting agreement was

4

unenforceable as a matter of law because it did not comply with Missouri Rule of Professional Conduct 1.5(e)).  Thus, each attorney shall submit additional briefing and documentation demonstrating how this fee is reasonable in light of the factors stated in Rule 4-1.5(a).  At a minimum, the supporting documentation must include itemized billing records showing the number of hours worked and the tasks undertaken in this matter.  Counsel must also submit the written contract for determination of whether it complies with Rule 4-1.5(c).  The billing records and contingency fee agreement may be filed under seal.[2]  Each brief shall not exceed ten (10) pages and shall be filed, along with supporting documentation, within twenty-one (21) days of this Order's entry.

Since the Court needs further information on whether the contract is enforceable, *cf. Eng*, 611 F.3d at 435, the Court cannot order Claimants to pay the attorneys at this time.  Rather, Claimants are ORDERED to deduct the attorneys' fees and expenses in the contracted amount from their settlement proceeds and pay them into the Court's registry.  Thus, Plaintiff shall pay $1,226,173.31, Matney shall pay $153,271.66, and Clark shall pay $153,271.66.  The Court will disburse these funds after the record has been fully developed.

## Conclusion

For the foregoing reasons, the Court CONDITIONALLY APPROVES the settlement and ORDERS distribution to Claimants as noted above.  Upon submission of the settlement release forms and resolution of the attorneys' fees issue, the Court will enter a final approval and a dismissal with prejudice.  GM is ORDERED to submit the release form within seven (7) days of this Order's entry.  Claimants are ORDERED to acknowledge receipt of the settlement funds and pay the attorneys' fees and expenses into the Court's registry.  Finally, each attorney for Plaintiff

---

[2] The Court may later require counsel to submit redacted versions since any documents the Court relies upon in approving a settlement are presumptively open to the public.  *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (Posner, J.).

is ORDERED to submit briefing and documentation on whether the 40% contingency fee complies with Rules 4-1.5(a)-(c) within twenty-one (21) days of this Order's entry.

**IT IS SO ORDERED.**

Date:   June 16, 2015                                       /s/ Greg Kays
                                                                                      GREG KAYS, CHIEF JUDGE
                                                                                       UNITED STATES DISTRICT COURT